## Case No. 15,201.

### UNITED STATES v. The GEORGE M. BAIN.

[See Case No. 14.496.]

---

## Case No. 15,202.

### UNITED STATES v. GEORGETOWN BRIDGE CO.

[3 Cranch, C. C. 369.] [1]

Circuit Court, District of Columbia. Dec. Term, 1828.

#### HIGHWAYS—REPAIRS.

The Georgetown Bridge Company is bound to keep in repair the road leading from Georgetown to the little falls bridge, notwithstanding the act of congress of the 13th of July, 1813 [3 Stat. 12], "to incorporate a company for making a certain turnpike-road in the county of Washington, in the District of Columbia."

Presentment against "the Georgetown Bridge Company for not keeping in repair the road leading from Georgetown to the little falls bridge." By the act of Maryland of 1791 (chapter 81), a company was incorporated, by the name of "The Georgetown Bridge Company," "to erect a bridge over the river Patowmack at or near Georgetown." This act says nothing of a road. By the act of Maryland of 1795 (chapter 44), the Georgetown Bridge Company is authorized "to open a road not exceeding sixty feet in width, from Georgetown to a bridge to be erected over the river Patowmack at or near the little falls;" and by the 2d section it is declared, "that the said road shall be a public highway forever, and kept in repair by said company." The road was opened accordingly, and the bridge erected. By the act of congress of July 13, 1813 (3 Stat. 12), "to incorporate a company for making a certain turnpike-road in the county of Washington, in the District of Columbia," a company was incorporated by the name of "The Georgetown and Leesburgh Turnpike Company," "for the purpose of opening, gravelling, and improving a road in the counties of Washington and Alexandria, in the District of Columbia, from the intersection of Falls street and Water street, in the town of Georgetown, to the boundary line of the District of Columbia, in the most direct and practicable route towards Leesburgh, conforming as nearly as shall be found advantageous and convenient, to the present main road leading from the said intersection towards Leesburgh, and through the counties of Washington and Alexandria as aforesaid." By the 5th section, commissioners were to be appointed, who were re-

quired, upon the request of the president and directors of the company, to "cause to be surveyed, laid out and ascertained, described and marked, by certain metes and bounds, the aforesaid turnpike-road, described in the first section of this act, not less than sixty feet in breadth, in such routes. tracts, or courses for the same respectively. as, in the best of their judgment, will combine shortness of distance with the most convenient ground, and the smallest expense of money." "And the said commissioners, upon completing the said survey of the said road, shall return a plat and certificate of such survey to the said clerk" (of the circuit court for the county of Washington), "and the same, being accepted by the said court, shall be recorded by the said clerk; and thereupon the said road, so laid out, shall be taken, used, and occupied as a turnpike-road and public highway forever." By the 11th section it is enacted, "That it shall be the duty of the said corporation to keep the said road in good repair; and if, in neglect of their said duty, the said corporation shall, at any time, suffer the said road to be out of repair so as to be unsafe or inconvenient for passengers, the said corporation shall be liable to be prosecuted," &c. The commissioners under this act surveyed and laid out a road from the bridge to the boundary line of the District, towards Leesburgh, but not from Georgetown to the bridge; and this company never made that part of the road. nor expended any money upon it.

Mr. Coxe, for defendants, moved the court to quash the presentment, and contended that as, by the act of congress incorporating the Georgetown and Leesburgh Turnpike Company, that company had a right to make the old road a turnpike, the defendants were relieved from the duty of keeping it in repair.

Mr. Swann, for the United States. There is no inconsistency in the two acts. The new company was not bound to occupy the old road as a turnpike. and could not so occupy it unless surveyed, and the survey returned to and accepted by the court. They could demand toll only upon that part of the road which was so surveyed. The old road was a privilege granted for the benefit of the bridge, and without which the bridge would be of no use to the public, or benefit to the proprietors.

THE COURT (nem. con.) refused to quash the presentment.

An indictment was afterwards sent up to the grand jury, who returned it ignoramus.

---

## Case No. 15,203.

### UNITED STATES v. The GERTRUDE.

[See Case No. 5,369.]

---

[1] [Reported by Hon. William Cranch. Chief Judge.]